UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENNIFER GONZALEZ § | | CIVIL ACTION |
|     Plaintiff § | | |
| § | | |
| VS. § | | NO. 4:22-CV-3481 |
| § | | |
| WALMART, INC. D/B/A WALMART § | | |
| SUPERCENTER #5116 AND § | | |
| JOHN DOE § | | |
|     Defendants § | | JURY |

## NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT:

Defendant, WALMART, INC. D/B/A WALMART SUPERCENTER #5116, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 et seq., provide notice of removal of this action styled *Jennifer Gonzalez vs. Walmart, Inc. d/b/a Walmart Supercenter #5116 and John Doe*; Cause No. 2022-55764, currently pending in the 80th Judicial District Court of Harris County, Texas, and in support thereof, respectfully shows this Court as follows:

I.

### CASE HISTORY

1. Plaintiff, Jennifer Gonzalez, filed her Original Petition on September 2, 2022, claiming damages from an alleged slip and fall on April 4, 2021, on water-like substance at a Walmart store in La Porte, Texas. Plaintiff served Defendant with the citation on September 12, 2022; therefore, this notice is timely under 28 U.S.C. § 1446(b). *See* Exhibit B (DOC 1-3), Plaintiff's Original Petition.

2. Pursuant to 28 U.S.C. §1446 and the Local Rules of the United States District Court for the Southern District of Texas, attached are the following:

    a.    All executed process in the case (Exhibit A);

1

b. Pleadings asserting causes of action and all answers to such pleadings (Exhibit B);

c. All orders signed by the state judge (none);

d. An index of matters being filed (Exhibit C);

e. The docket sheet (Exhibit D);

f. A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit E).

These documents represent all that are presently available as required.

3. Removal of this cause of action is proper under 28 U.S.C. §1441. It is a civil action brought in state court and the District Courts of the United States have original jurisdiction over this action under 28 U.S.C. §1332, since Plaintiff and Defendant are diverse in citizenship and Plaintiff alleges an amount on controversy in excess of the minimal jurisdictional limits of this Court.

4. As required by 28 U.S.C. §1441, the 80th Judicial District Court of Harris County, Texas falls within the geographical purview of this Court, and thus, venue is proper in the United Stated District Court of the Southern District of Texas, Houston Division.

5. Written notice of the filing of this Notice of Removal is being promptly given to Plaintiff and a Notice of Filing of Notice of Removal is promptly being filed with the 80th District Court in Harris County, Texas, as required by 28 U.S.C. §1446(d).

## II.

## DIVERSITY JURISDICTION EXISTS

6. The District Courts of the United States have original jurisdiction over this action by reason of diversity of citizenship between the parties. 28 U.S.C. §1332. Plaintiff's Original Petition states that Plaintiff, JENNIFER GONZALEZ, is a resident of Harris County, Texas, and a citizen of the State of Texas. *See* Exhibit B (DOC 1-3), Paragraph II. Defendant, WALMART, INC. D/B/A WALMART SUPERCENTER #5116 is a corporation incorporated under the laws of the State of Delaware with it is principal place of business in Bentonville, Arkansas, and thus is a citizen of the States of Delaware.

7.      Plaintiff's Original Petition in the state court seeks monetary relief over $1,000,000, and thus the alleged amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.  *See* Exhibit B (DOC 1-3), Paragraph XVI, Section 42.

## III.

## FRAUDULENT/IMPROPERLY JOINDER OF JOHN DOE

8.      Defendant, JOHN DOE, is not identified by Plaintiff by name or citizenship; however, his citizenship, if any, is irrelevant since JOHN DOE has been improperly or fraudulently joined.  Plaintiff alleges that on the occasion in question she "was shopping at the Walmart in LaPorte, TX. *See* Exhibit B, § VI, Section 10.  Plaintiff alleges that based on information and belief, the store was owned and operated by Defendant Walmart and "**managed by Defendant John Doe.**" *See Id.*  Plaintiff alleges, "<u>**As part of Defendant John Doe's duties**</u>, **he or she was responsible for ensuring the safety of Defendant Walmart's premises**." *See Id.*  Plaintiff alleges: "At some point while shopping, Plaintiff stepped in a water-like substance that had accumulated on the floor. Almost immediately thereafter, Plaintiff slipped, fell, and landed partially underneath her shopping basket on her backside. The water-like substance Plaintiff stepped on made the tile slippery and created a fall hazard." *See Id.* at Section 11.  Plaintiff alleges that "neither Defendant [WALMART or MANAGER JOHN DOE] placed signage around the area where the water-like substance accumulated which resulted in Plaintiff not being adequately warned about a known or reasonably discoverable hazard." *See Id.*  Plaintiff alleges injuries and asserts claims of negligence against "Defendants" **jointly**.  *See Id.* at § VII, Section 14 and 15.  She contends ""**Defendants**" had a duty to exercise the degree of care that a person of ordinary prudence would to avoid harm to others…." *See Id.* at Section 14.  Plaintiff contends her injuries were "directly and proximately caused by Defendants' neglect,

3

careless or reckless maintenance of the store." *See Id.* at Section 15. Plaintiff contends Defendants **[jointly]** were negligent in failing to maintain, failing to properly train, supervise, manage or control its employees, failing to warn, failing to provide Plaintiff with a safe place to walk, failing to provide appropriate job supervision, and in consciously disregarding the safety of others. *See Id.* Plaintiff also alleges "gross negligence against Defendants **jointly.** *See Id.* at § IX, Section 23. Furthermore, Plaintiff avers that **"Defendant Walmart is responsible for the acts or omissions of its vice-principals and its employees, agents, servants, and representatives, including Defendant John Doe**. *See Id.* at § XII, Section 37. **At no time in her pleadings does Plaintiff allege any independent claims or causes of action against Defendant JOHN DOE**. *See* Exhibit B.

9. The citizenship of non-diverse defendants may be disregarded for the purposes of determining diversity if fraudulent joinder is established. *Dodson v. Spiliada Mar. Corp.,* 951 F.2d 40, 42-43 (5th Cir. 1992). Absent outright fraud in the pleadings, an in-state defendant is fraudulently or improperly joined if the Court finds "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004). The Fifth Circuit emphasized that such possibility must be reasonable, and not be merely theoretical. *Id.* at 573 n. 9. To make this determination, the Court conducts a "Rule 12(b)(6)-type analysis." *Id.* at 573.

10. An employee may be held individually liable for his or her actions in an employment context **only if** the employee owes an independent duty of care to the claimant apart from the employer's duty, or commits an intentional tort against the claimant. *Leitch v. Hornsby,*

935 S.W.2d 114, 117 (Tex. 1996) (emphasis added). *See also, Palmer v. Wal-Mart Stores, Inc.*, 65 F.Supp.2d 564 (S.D. Tex. 1999), which examined the issue of improper joinder of a store manager. In denying the plaintiff's motion to remand, the Court noted that Palmer made no allegations that the store manager owed "her any *independent* duty or duty of reasonable care, apart from that which his employer owed any store patron." *Id.* at 567. The Court held that "[i]n light of the controlling *Leitch* precedent, the joinder of [the store manager] for purposes of defeating diversity jurisdiction borders on being sanctionable." *Id.*

11. In *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 294 n. 5 (5th Cir. 2000), the Fifth Circuit noted that because *Leitch* was not a premises case, the Fifth Circuit could not state with full confidence that the *Lietch* ruling applied outside of the employer-employee context. Subsequently, however, the Texas Supreme Court in *Tri v. J.T.T.* answered the Fifth Circuit's concern posed in *Valdez*. *See Tri v. J.T.T.,* 162 S.W. 3d 552, 562-63 (Tex. 2005). In *Tri*, the Texas Supreme Court confirmed that the *Leitch* ruling was **not** limited to the employer-employee situation, but extended it to an invitor-invitee situation as well. *See Tri* at 562. The *Tri* Court stated that "a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation." *See Tri* at 562. The Court then emphasized its rationale in *Lietch* as to when liability may or may not be imposed on an individual:

> "[I]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." We gave as an example an agent whose negligence caused an automobile collision while the agent was driving in the course and scope of employment. An agent, in his individual capacity, owes a duty to the public to drive with reasonable care. Therefore, the individual is liable for his or her own negligence, and the employer is also vicariously liable. The situation in *Leitch*, however, was different. The corporate agents were not individually liable even though the jury had found them and their employer negligent. In that case, the plaintiff Hornsby was injured when he lifted a sixty-pound reel of cable. There was evidence that his employer, through its officers and employees, had declined to provide Hornsby a

5

lifting belt or dolly. We held that the actions or inactions of the individuals were actions or inactions "within their capacities as officers" of Hornsby's corporate employer and that the individuals "had no individual duty as corporate officers to provide Hornsby with a safe workplace." The individuals were not liable for their negligence because they "did not breach any separate duty" to Hornsby. Only their corporate employer was liable for their negligence." *Tri* at 562-63.

12. The *Tri* Court went on to state there was no evidence that the individual defendant owed and breached any duty to Plaintiffs separate from the duty his employer owed to the Plaintiffs. *See Id.* at 563. *See also, McKinney v. Home Depot, USA, Inc.,* 2006 WL 2947324, at *5-*6 (N.D. Tex. 2006) (not reported), wherein the Court relied on *Tri* to find that a manager was not properly joined in a suit arising from a premises liability claim. Citing *Tri,* the *McKinney* Court stated that it was "satisfied that the principles of *Leitch* are controlling in this action." *Id. at *6.* Accordingly, because there was no reasonable possibility of recovery against the manager, he was improperly joined. *Id.* *See also, Bourne v. Walmart Stores, Inc.*, 582 F. Supp. 828 (E.D. Tex. 2008).

13. In *Bourne*, Plaintiff sued Walmart and its assistant manager alleging that "Defendants knew or should have known that a hand-held shopping basket was on the floor of the checkout aisle, yet failed to exercise reasonable care to alert and protect Bourne from the hazard." *See Bourne* at 831. Additionally, as to the assistant manager, Bourne's pleadings alleged particular negligent acts and omissions and stated that the acts and omissions were "a proximate cause of your Plaintiff's injuries and damages and were committed and/or omitted by Defendant, their representatives, agents, and/or servants." *See Id.*

14. The Court stated that the determination of fraudulent joinder must be based on an analysis of the causes of action alleged in the plaintiff's pleadings at the time of the removal. *See Id.* at 834, citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) and *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994). In denying Bourne's

6

motion to remand, the Court explained that the issue of improper joinder rested on whether the assistant manager had a legal duty of reasonable care independent from that of Walmart. *See Id.* at 835. After analyzing Bourne's pleadings and the applicable case law, the Court determined and that no such legal duty existed: "Noticeably absent from Bourne's Original Petition is any allegation of fact that would support the assertion that [the manager] owed an independent duty of care to her apart from Walmart's duty." *See Id.* Thus the Court held that Texas law precluded a finding against the manager in her individual capacity." *See Id. See also, Pico v. Capriccio Italian Rest., Inc.,* 209 S.W.3d 902, 912 (Tex. App. – Houston [14th Dist.] 2006, no pet.); and *Allen v. Home Depot U.S.A., Inc.,* 2004 WL 2270001, *2 (W.D. Tex. 2004) (not reported).

15. In the present case, Plaintiff alleges that JOHN DOE was performing his duties as a 'manager of the store.' *See* Exhibit B, § VI, Section 10. There is no allegation that Manager JOHN DOE committed personal, independent acts which caused Plaintiff's injuries. *See* Exhibit B. Furthermore, although Plaintiff's Petition specifically alleges that "Defendant **Walmart** committed an 'intentional act' [*see Id.* at § VIII, Section 19], Plaintiff's Petition does not allege any intentional act by Manager JOHN DOE. *See* Exhibit B.

16. For each of the above reasons, JOHN DOE and has been improperly/fraudulently joined as a Defendant in this case; therefore, JOHN DOE's citizenship must be disregarded for the purposes of determining diversity.

## IV.

## PRAYER

17. WHEREFORE, PREMISES CONSIDERED, Defendant, WALMART, INC. D/B/A WALMART SUPERCENTER #5116 prays that the state action now pending in the 80th District Court in Harris County, Texas, be removed to this Court, and for any further relief to which Defendant is justly entitled.

                                  Respectfully submitted,

                                  MEHAFFY WEBER, P.C.

                                /s/ Karen L. Spivey
                                KAREN L. SPIVEY
                                KarenSpivey@mehaffyweber.com
                                State Bar No. 18955100
                                ATTORNEY IN CHARGE FOR DEFENDANT,
                                WALMART, INC.
                                WILLIAM F. THORNE
                                WilliamThorne@mehaffyweber.com
                                Federal Id. No. 3144430
                                State Bar No. 24102569
                                P.O. Box 16
                                Beaumont, TX 77704-0016
                                2615 Calder Avenue, Suite 800
                                Beaumont, TX 77702
                                Ph:    409-835-5011
                                Fx:    409-835-5177

<u>CERTIFICATE OF SERVICE</u>

       In addition to e-filing, this is to certify that a true and correct copy of the above and foregoing instrument has been forwarded by Certified Mail, return to receipt requested, to counsel of record on this the 10th day of October, 2022, pursuant to both the Federal Rules of Civil Procedure and the Federal Rules of Civil Procedure.

Mr. Chad Pinkerton
SBN: 24047199
cpinkerton@chadpinkerton.com
Joe De Leon
SBN: 24126073
jdeleon@chadpinkerton.com
THE PINKERTON LAW FIRM, PLLC
550 Westcott, Suite 590
Houston TX 77007
Ph:    713-360-6722
Fx:    713-360-6810

                                /s/ Karen L. Spivey
                                KAREN L. SPIVEY