9/2/2022 12:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67928784
By: Patricia Jones
Filed: 9/2/2022 12:46 PM

2022-55764 / Court: 80

CAUSE NO. _____

| | | |
|---|---|---|
| **JENNIFER GONZALEZ,** *Plaintiff,* | § § § § | **IN THE DISTRICT COURT OF** |
| vs. | § § § § | **HARRIS COUNTY, TEXAS** |
| **WALMART INC. D/B/A WALMART SUPERCENTER #5116 and JOHN DOE,** *Defendants.* | § § § § § | \_\_\_\_\_ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Jennifer Gonzalez (hereinafter referred to as "Plaintiff"), complaining of and about Walmart Inc. d/b/a Walmart Supercenter #5116 and John Doe (hereinafter referred to as "Defendants"), and for cause of action shows unto this Court the following:

### I.   DISCOVERY CONTROL PLAN

1.   Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 because this suit is not governed by Texas Rule of Civil Procedure 190.2 or 190.4.

### II.   PARTIES

2.   Plaintiff Jennifer Gonzalez is a resident of Harris County, Texas, and may be served by and through her attorneys of record, C. Chad Pinkerton and Joe De Leon at The Pinkerton Law Firm, PLLC, 550 Westcott St., Suite 590, Houston, Texas 77007.

3.   Defendant Walmart Inc. d/b/a Walmart Supercenter #5116 is a Deleware Corporation doing business in Harris County, Texas, and may be served through its registered

1

Exhibit B

agent: CT Corporation System, 1999 Bryan St., Ste. 900. Dallas, Texas, 75201-3136 USA. *Citation is requested at this time*.

4. Defendant Walmart Inc. d/b/a Walmart Supercenter #5116 may also be served at its principal place of business: 9025 Spencer Hwy, La Porte, Texas 77571.

5. Defendant John Doe is an individual residing and/or doing buisiness in Harris County, Texas as the manager of Walmart Supercenter #5116. John Doe is being sued in his individual capacity and shall be served after he is identified in the discovery process.

### III. MISNOMER/ALTER EGO

6. In the event any Parties are misnamed or not included herein, Plaintiff contends that such was a "misidentification" or "misnomer" and/or that such Parties are/were "alter egos" of the Parties named herein. To that extent, Plaintiff asserts the alter ego doctrine and contends that all existing "corporate veils" should be pierced in the interests of justice to hold accountable all those who failed to operate their business(es) in accordance with customary terms and measures. Plaintiff will accordingly seek damages from any individual business-owner-defendant who forfeited the typical corporate or business protections afforded to such entity.

### IV. REQUEST PURSUANT TO RULE 28

7. In the event that any Defendant is conducting business pursuant to a trade name or assumed name, then this suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff demands that, upon answering the Petition, Defendants answer in their correct legal and/or assumed name(s).

### V. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction as the amount in controversy is within its jurisdictional limits. TEX. GOV. CODE § 24.007(b). This Court has personal jurisdiction over

Exhibit B

Defendants as they reside (see above) and/or are doing business in Texas. Moreover, all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Harris County, Texas.

9. Venue is proper in Harris County pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) as all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas. Venue may also be proper in Harris County pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2) and (3)

## VI.  FACTS

10. On April 4, 2021, Plaintiff was out shopping with her daughter at the Walmart Supercenter #5116 located at 9025 Spencer Hwy, La Porte, Texas 77571. Based on information and belief, this store is owned and operated by Defendant Walmart and managed by Defendant John Doe. As part of Defendant John Doe's duties, he or she was responsible for ensuring the safety of Defendant Walmart's premises.

11. At some point while shopping, Plaintiff stepped in a water-like substance that had accumulated on the floor. Almost immediately thereafter, Plaintiff slipped, fell, and landed partially underneath her shopping basket on her backside. The water-like substance Plaintiff stepped on made the tile slippery and created a fall hazard. Plaintiff was unaware of the dangerous slippery condition created by the wet tile as it was not open and obvious—the water-like substance's transparent properties allowed it to blend in with the tile. Moreover, neither Defendant placed signage around the area where the water-like substance accumulated, which resulted in Plaintiff not being adequately warned about a known or reasonably discoverable hazard.

12. Plaintiff sustained serious bodily injury after she fell. More specifically, Plaintiff suffered injuries to her right hip, right leg, back, neck, and other extremities. She has since sought

Exhibit B

reasonable and necessary medical treatment to recover from such injuries. Therefore, in light of the foregoing, Plaintiff brings all claims and seeks to recover all damages available under the law.

### VII. CAUSE OF ACTION: NEGLIGENCE

13. Plaintiff incorporates by reference all prior allegations contained herein.

14. Plaintiff alleges negligence against Defendants. Defendants had a duty to exercise the degree of care that a person of ordinary prudence would to avoid harm to others under circumstances similar to those described herein.

15. Plaintiff's injuries were directly and proximately caused by Defendants' negligent, careless, or reckless maintenance of the store. More specifically, Defendants were negligent in the following non-exclusive ways based on information and belief:

   a. in failing to maintain the store's pathways, aisles, or walking areas in a reasonably safe manner;

   b. in failing to properly train, supervise, manage, or control its employees responsible for maintaining the store's pathways, aisles, or walking areas;

   c. in failing to warn Plaintiff of a known danger;

   d. in failing to provide Plaintiff with a safe place to walk;

   e. in failing to properly and timely inspect the store's surroundings so as not to place the safety of others, including Plaintiff, at risk;

   f. in failing to provide appropriate job supervision;

   g. in failing to properly train its employees on proper job safety; and

   h. in consciously disregarding the safety of others by failing to correct a reasonably discoverable dangerous condition.

16. All of the above acts and/or omissions, individually, or in combination, represent a breach of duties owed and directly and proximately caused the damages sustained by Plaintiff.

Exhibit B

## VIII. CAUSE OF ACTION: NEGLIGENT HIRING, SUPERVISION, AND TRAINING

17. Plaintiff incorporates by reference all prior allegations contained herein.

18. In light of Defendant Walmart's duty to hire/supervise/train competent employees, Plaintiff's negligence claim includes allegations of negligent hiring, supervision, and training against Defendant Walmart. In owning and/or operating the store in question (Walmart Supercenter #5116), Defendant Walmart had a duty to ensure that their employees were properly hired, trained, and supervised before and while performing any assigned job duties. These job duties certainly included, but were not limited to, cleaning the store's floors and ensuring they are free from any dangerous conditions.

19. Defendant Walmart breached its legal duty when it negligently hired/supervised/trained its employees. Based on information and belief, Defendant Walmart did not ensure its employees were properly trained nor did it ensure that its store's walkways were free from any dangerous conditions. Instead, Defendant Walmart allowed its employees to permit dangerous conditions to exist without regard for the safety of patrons/invitees like Plaintiff. Defendant Walmart also intentionally and/or consciously disregarded the safety of patrons/invitees like Plaintiff by allowing its employees to be unaware of their surroundings, contrary to what safety protocols demand.

20. Defendant Walmart also failed to properly supervise the employees responsible for performing required safety inspections and/or failed to properly train such employees on the procedure(s) for reasonably inspecting for and identifying potential safety hazards (*e.g.*, the proper procedure, if any, for cleaning and maintaining walkways free from dangerous conditions).

Exhibit B

21.     Defendant Walmart's failure to hire/supervise/train competent employees constituted a breach of the duty of care owed to invitees like Plaintiff and directly and proximately caused the incident in question and Plaintiff's subsequent injuries.

## IX.     CAUSE OF ACTION: GROSS NEGLIGENCE (COMMON LAW & STATUTORY)

22.     Plaintiff re-alleges each and every allegation set forth above.

23.     Plaintiff alleges gross negligence against Defendants and seeks exemplary damages in accordance with Texas law as Defendants negligent conduct was more than momentary thoughtlessness or inadvertence.  When viewed objectively from Defendants' standpoint at the time of the incident in question, their actions were grossly negligent and involved an extreme degree of risk considering the then-existing probability and magnitude of potential harm to others like Plaintiff, who could be seriously harmed as a result of Defendants failure to:

   a. maintain the store's pathways, aisles, or walking areas in a reasonably safe manner;

   b. properly train, supervise, manage, or control its employees responsible for maintaining the store's pathways, aisles, or walking areas;

   c. warn Plaintiff of a known danger;

   d. provide Plaintiff with a safe place to walk;

   e. properly and timely inspect the store's surroundings so as not to place the safety of others, including Plaintiff, at risk;

   f. provide appropriate job supervision;

   g. properly train its employees on proper job safety; and

   h. correct a reasonably discoverable dangerous condition.

24.     Thus, considering Plaintiff was injured as a result thereof, Plaintiff contends that Defendants acted with malice and/or conscious disregard for human safety by operating or maintaining the store without regard for company policies or the safety of store patrons.  In doing

Exhibit B

so, Defendants engaged in negligent acts or omissions with actual, subjective awareness of the risk(s) involved but proceeded with complete and reckless disregard for and with willful, wanton, and actual conscious indifference to the rights, safety, and welfare of others, including Plaintiff, who was seriously harmed by Defendants' store being operated or maintained under present circumstances. Moreover, Defendant Walmart may also be liable to the extent that it authorized or ratified the gross negligence of an employee or agent, or if it committed gross negligence through the actions or inactions of a vice principal.[1]  *See* TEX. CIV. PRAC. & REM. CODE § 41.003(a). Accordingly, in light of Plaintiff's damages being directly and proximately caused by Defendants' grossly negligent actions or inactions, Plaintiff is entitled to punitive and/or exemplary damages, including potentially "uncapped" punitive damages should discovery show that Defendants' conduct disqualifies them from any such caps under state or federal law. *See id.* at § 41.008.

### X. CAUSE OF ACTION: PREMISES LIABILITY (ALTERNATIVELY)

25. Plaintiff incorporates by reference all prior allegations contained herein.

26. In the alternative, without waiving any cause of action alleged above, Plaintiff alleges a premises liability claim against Defendants as they were the premises occupier (or controller) responsible for exercising reasonable care to protect store patrons like Plaintiff (an invitee) from dangerous conditions that were either known to it or were reasonable discoverable. In other words, Defendants had a duty to (1) protect its patrons from reasonably foreseeable injuries and (2) exercise reasonable care so as to reduce or eliminate the possibility of an

---

[1] "Vice principal" encompasses: (a) corporate officers; (b) those who have authority to employ; (c) those engaged in the performance of non-delegable or absolute duties of the master; and (d) those to who the master has confided the management of the whole or a department or a division of the business."

Exhibit B

unreasonable risk of harm on the premises. This duty includes the duty to inspect and the duty to warn or cure.

27. Here, the water-like substance Plaintiff stepped on made the tile slippery and created a dangerous condition (i.e., a fall hazard). Plaintiff was unaware of the dangerous slippery condition created by the wet tile as it was not open and obvious (*i.e.,* the water-like substance's transparent properties allowed it to blend in with the tile). Such a condition on Defendants' premises (or the premise under Defendants' control) posed an unreasonable risk of harm.

28. Based on information and belief, Defendants knew or reasonably should have known of the unreasonably dangerous condition after reasonable inspection. As a matter of routine, Defendants should have (1) known of the dangerous condition, (2) taken corrective action in a timely manner, and (3) provided proper notice to employees and customers frequenting the area.

29. Unfortunately, Defendants failed to use ordinary care in ensuring that their premises did not present a danger to Plaintiff by:

   a. failing to maintain the pathways of walking areas located within the store's premises in a reasonably safe manner;

   b. failing to properly train, supervise, manage, and control its employees responsible for maintaining the floor and pathways of the store;

   c. failing to warn Plaintiff of a known danger;

   d. failing to provide Plaintiff a safe place to walk;

   e. failing to properly and timely inspect Defendants' surroundings so as not to place the safety of others, including Plaintiff, at risk;

   f. failing to provide appropriate job supervision;

   g. failing to properly train its employees on proper job safety; and

   h. failing to correct a reasonably discoverable dangerous condition.

Exhibit B

30. All of the above acts and/or omissions, individually, or in combination, represent a breach of duties owed and directly and proximately caused the damages sustained by Plaintiff.

## XI.   CAUSE OF ACTION: NEGLIGENT UNDERTAKING

31. Plaintiff incorporates by reference all prior allegations contained herein.

32. Defendant Walmart undertook the duty to perform services that they knew or should have known were necessary for Plaintiff's protection——for example, Defendant Walmart's operations required maintaining and upkeeping the areas wherein Plaintiff was injured. Thus, by owning and/or operating the store in question (Walmart Supercenter #5116), Defendant Walmart undertook to perform services of (1) providing and maintaining a safe workplace for its employees and store patrons, including Plaintiff; (2) providing and maintaining appropriate job training to ensure its employees were capable and qualified to perform their job duties; and (3) providing safety training meetings to ensure employees were properly trained on job safety procedures.

33. Defendant Walmart breached these undertaken duties and increased Plaintiff's risk of harm by failing to exercise reasonable care in performing such services. As a direct and proximate result thereof, Plaintiff sustained injuries after relying on Defendant Walmart's performance of such services to her detriment.

## XII.   VICARIOUS LIABILITY / RESPONDEAT SUPERIOR

34. Plaintiff incorporates by reference all prior allegations contained herein.

35. Defendant Walmart is further legally responsible to Plaintiff for the negligent conduct of its vice-principals and the negligent conduct of its employees, agents, servants, and representatives under a theory of *respondeat superior* or agency or for delegating non-delegable duties. Such employees, agents, servants, and representatives were at all times material agents,

9

Exhibit B

ostensible agents, servants, or employees of Defendant Walmart and were acting within the course and scope of their agency, servitude, or employment. As a result of that relationship, Defendant Walmart is vicariously liable for the negligent and/or grossly negligent actions or omissions of its vice-principals, employees, agents, servants, and representatives.

36. Pleading further, and in the alternative, and without waiving the foregoing, Plaintiff would also show that, at all relevant times, Defendant Walmart's vice-principals were engaged in the performance of non-delegable duties that Defendant Walmart authorized or ratified.

37. In light of the above, Defendant Walmart is liable to Plaintiff for damages under the doctrine of *respondeat superior*, traditional principles of agency law, "vice-principal" liability, and any other applicable theory of law, as Defendant Walmart is responsible for the acts or omissions of its vice-principals and its employees, agents, servants, and representatives, including Defendant John Doe. Here, regardless of whether the circumstances surrounding the incident in question are viewed singularly or in any combination with others, the acts or omissions of Defendant Walmart's store manager (Defendant John Doe) constitute negligence and gross negligence, all of which directly and proximately caused the injuries and other losses set forth herein.

### XIII.  DAMAGES

38. Plaintiff has suffered significant damages as a direct and proximate result of Defendants' negligent and/or grossly negligent actions or omissions and, therefore, seeks to recover the following:

    a. Past and future medical expenses;

    b. Past and future lost earnings and loss of wage-earning capacity, if applicable;

    c. Past and future physical impairment;

Exhibit B

    d.  Past and future pain and suffering;

    e.  Past and future mental anguish;

    f.  Past and future loss of enjoyment of life;

    g.  Past and future disability and disfigurement;

    h.  Past and future loss of functional capacity (ADLs);

    i.  Past and future economic damages;

    j.  Punitive/exemplary damages;

    k.  Court costs; and

    l.  Any other damages available under the law (statutory or common law).

## XIV.   DEMAND FOR JURY TRIAL

39.    Plaintiff demands a trial by jury on all issues so triable and respectfully objects to a trial by Zoom.

## XV.   PRE-SUIT DEMAND

40.    Plaintiff sent a pre-suit Stowers Demand on or around December 16, 2021. Defendants have completely ignored this reasonable and good-faith demand to date despite multiple follow ups.  Stowers is in effect.

## XVI.   PRAYER

41.    **WHEREFORE,** Plaintiff prays and respectfully requests that the Court enter judgment against Defendants and award Plaintiff:

    a.  Past and future medical expenses;

    b.  Past and future lost earnings and loss of wage-earning capacity, if applicable;

    c.  Past and future physical impairment;

    d.  Past and future pain and suffering;

Exhibit B

e. Past and future mental anguish;

f. Past and future loss of enjoyment of life;

g. Past and future disability and disfigurement;

h. Past and future loss of functional capacity (ADLs);

i. Past and future economic damages;

j. Punitive/exemplary damages;

k. Court costs; and

l. Any other damages available under the law (statutory or common law).

42. In accordance with Rule 47(c)(4) of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff demands monetary relief over $1,000,000.

Respectfully submitted,

**THE PINKERTON LAW FIRM, PLLC**

*/s/ Chad Pinkerton*
**Chad Pinkerton**
Tx. State Bar No. 24047199
cpinkerton@chadpinkerton.com
**Joe De Leon**
Tx. State Bar No. 24126073
jdeleon@chadpinkerton.com
The Pinkerton Law Firm, PLLC
550 Westcott, Suite 590
Houston, Texas 77007
713-360-6722 (office)
713-360-6810 (facsimile)
www.ChadPinkerton.com
**ATTORNEYS FOR PLAINTIFF**

Exhibit B

CAUSE NO. 2022-55764

| | | |
|---|---|---|
| JENNIFER GONZALEZ<br>    Plaintiff | *<br>*<br>* | IN THE DISTRICT COURT OF |
| VS. | *<br>* | HARRIS COUNTY, TEXAS |
| WALMART INC. D/B/A WALMART<br>SUPERCENTER #5116 and<br>JOHN DOE<br>    Defendants | *<br>*<br>*<br>* | 80TH JUDICIAL DISTRICT |

<u>ORIGINAL ANSWER AND JURY DEMAND OF DEFENDANT</u>
<u>WALMART INC. D/B/A WALMART SUPERCENTER #5116</u>

TO HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, WALMART INC. D/B/A WALMART SUPERCENTER #5116, and files its Original Answer and Jury Demand, and would show the Court the following:

**I.**

**GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant asserts a general denial.

**II.**

**JURY DEMAND**

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a jury trial.  Defendant is tendering the required fee with its jury demand.

**III.**

**RULE 193.7 NOTICE**

Pursuant to Texas Rules of Civil Procedure 193.7, this will serve as actual notice that Defendant intends to use produced documents/tangible items against Plaintiff in pretrial proceedings and at trial.  Accordingly, production of a document(s)/tangible items in response to

Exhibit B

this Request for Disclosure authenticates the document(s)/tangible items for use against Plaintiff in any pretrial proceeding or at trial unless Plaintiff objects to the authenticity of any produced document(s)/tangible items within the time limits as particularly set out in Texas Rules of Civil Procedure 193.7.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of this suit herein, and that Defendant goes hence without day and recover its costs.

Respectfully submitted,

MEHAFFY WEBER, P.C.

/s/Karen L. Spivey
KAREN L. SPIVEY
SBN:  18955100
KarenSpivey@mehaffyweber.com
WILLIAM F. "WIL" THORNE
SBN:  24102569
WilliamThorne@mehaffyweber.com
PO Box 16
Beaumont TX 77704-0016
2615 Calder Avenue, Suite 800
Beaumont TX 77702
Ph:     409-835-5011
Fx:     409-835-5177
ATTORNEYS FOR DEFENDANT,
WALMART INC. D/B/A WALMART
SUPERCENTER #5116

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Answer has been forwarded to opposing counsel of record by electronic filing, on this 30th day of September, 2022.

/s/ Karen L. Spivey
_____
KAREN L. SPIVEY

Exhibit B